### JUCHTER *vs.* BOEHM, BENDHEIM & Co.

1. A mortgage of personalty may foreclose, and proceed at the same time on the mortgage debt by ordinary action.
2. A plea that the plaintiff, for a good and valuable consideration, agreed in writing, after the note was made, to extend the time of payment, on certain conditions, but not stating what the consideration for the agreement was, or whether it was executed or executory,

(the writing itself as set out in the plea not specifying any consideration whatever) is demurrable, though it be alleged that the conditions happened, and that the plaintiff committed a breach of the agreement. A plea, if intended to be a plea of recoupment, should lay damages, and offer to recoup, or in some way indicate a purpose or a willingness to recoup. It should also allege some breach by the plaintiff, not of a subsequent contract, but of a cross-obligation or independent covenant arising under the same contract.

3. That the notes declared upon were given for the purchase of goods, and that the plaintiff, in violation of his agreement, foreclosed a mortgage to secure this same debt, and caused the goods to be seized and sold, whereby they were wholly lost, etc., is not matter for a plea of total failure of consideration.

4. In actions founded on unconditional contracts in writing, where an issuable defense is not filed under oath or affirmation, the duty of rendering judgment without the verdict of a jury is devolved by the constitution of 1877 upon city courts as well as upon the superior courts.

Pleas. Mortgage. Recoupment. Judgments. City Courts. Before Judge HARDEN. City Court of Savannah. July Term, 1878.

Boehm, Bendheim & Co. brought complaint against Juchter, commencing their action February 26, 1878, on two notes, each for the sum of $250.00, and dated February 21, 1877, one due three months, and the other twelve months, after date. The defendant pleaded in abatement the pendency of proceedings by execution, levy and counter-affidavit, in the superior court, had on the foreclosure of a mortgage of personalty, given to secure the notes sued on. He also pleaded in bar the following facts:

On February 23d, 1877, the following written agreement was entered into for a good and valuable consideration:

"This is to certify that if Mr. Henry Juchter cannot meet his note of $250.00, due three months after February 21st, 1877, we shall renew the same for one year, provided the balance of the notes are met at maturity. (Signed) BOEHM, BENDHEIM & Co."

The notes referred to as the balance were the notes sued on, due at twelve months, and two others due at six and nine months, which latter were paid at maturity. Before

and on the day the note sued on, due at three months, became due, the defendant called upon the plaintiffs to renew the same for one year, which renewal they agreed to make, and. informed the defendant that it was allowed, subject only to the condition of said agreement, with which condition he complied as to the six and nine months notes.   The one due at twelve months was not met at maturity, because plaintiffs were secured by a mortgage upon a stock of groceries, liquors, etc.   Plaintiffs, before the maturity of any of the notes aforesaid, commenced proceedings, in utter violation of the terms of said mortgage, in the superior court of Chatham county, to foreclose the same for the purpose of collecting said first and last notes, to-wit : the notes now sued on.   Under these proceedings they seized and sold defendant's stock of goods, and have not tendered to him any account of the proceeds of said sale.   Said stock was worth more than double the amount due, or to become due, on the two notes referred to.   The foreclosure proceedings are still pending on an affidavit of illegality filed by the defendant.   This issue will be determined at the May term, 1878, of the superior court, and should it result favorably to the plaintiffs, the amount which has been realized from the sale of said stock must be credited on the debt sued for in this case, and will either wholly or partially pay it off.   Defendant says that he was absolved from paying said last note at maturity by reason of the aforesaid conduct of the plaintiffs, the pendency of the litigation, and the undetermined issue in the superior court.

He further pleaded total failure of consideration in this, that the plaintiffs foreclosed their mortgage in violation of their contract as above stated, thereby causing the whole of said stock, for which said notes were given, to be lost to defendant.

Subsequently the defendant amended his pleas, that in abatement as well as those in bar, by setting up that the issue pending in the superior court upon whether said fore-

closure was instituted before the maturity of the debt to secure which the mortgage was given, has been determined in favor of the defendant. To this judgment plaintiffs have excepted, and are preparing to take the case to the next term of the supreme court.

Upon motion of plaintiffs all of the above pleas were stricken, and though defendant had regularly filed his demand for jury trial, judgment was rendered by the court without the verdict of the jury, no defense of any kind being left upon the record. To all of which the defendant excepted and assigns error as follows :

1. That the court struck the pleas as above stated.

2. That judgment was rendered by the court without the verdict of a jury.

R. R. RICHARDS, for plaintiff in error, cited, on the stricken pleas, Code, §§1948, 2894, 2895 ; Jones on Mort., §71 ; 2 Kansas, 384 ; 5 *Ib.*, 54 ; 13 Gray, 360 ; 38 N. H., 22 ; 10 *Ib.*, 64 ; 20 *Ib.*, 140 ; 3 Met., 308 ; 47 Barb., 212 ; 2 B. Mon., 205. On right to a jury, Code, §4924.

J. R. SAUSSEY ; B. A. DENMARK, for defendants, cited, on the plea in abatement, 18 *Ga.*, 604, *et seq.;* 6 Gray, 439 ; 1 Otto, 616 ; 2 *Ib.*, 208. On failure of consideration, 57 *Ga.*, 351. On dispensing with jury, constitution of 1877, art. 6, par. 7, §4 ; 48 *Ga.*, 551 ; 55 *Ib.*, 475 ; 43 *Ib.*, 366 ; Code, §§4923, 4924.

BLECKLEY, Justice.

1. Upon principle, as well as authority, the pendency of proceedings to foreclose a mortgage, whether upon realty or personalty, is no hindrance to a regular action upon the notes to secure which the mortgage was given. The two actions are unlike, the causes of action are not the same, and the results are dissimilar. A mortgage on realty is foreclosed by petition and rule, Code, §3962 ; a mortgage on personalty, by affidavit, annexing the same to the mort-

gage, and filing both in the office of the clerk of the superior court, *Id.*, §3971. An ordinary action is instituted by petition and process, *Id.*, §§3332, 3334, 4918. The cause of action in a foreclosure proceeding is the lien, and the breach of the condition of the mortgage contract; the cause of an ordinary action upon the notes is the promise which they contain and its non-performance. That the debt is the same makes no difference, for the securities are different, and upon each security for a debt, however numerous the securities may be, an action will lie if its terms are not complied with. Payment of one will extinguish all, but as long as the debt subsists, each security has a separate vitality, and will support an appropriate action. The result of a foreclosure proceeding is the establishment of a special lien against the specific property, and the obtainment of an execution to sell it; the result of an ordinary action is a general judgment for the debt, which, by statute, is a general lien upon all the debtor's property, and which is enforced by execution against all his goods and chattels, lands and tenements. Every creditor is entitled to obtain this general lien as soon as he can after his debtor puts himself in default. Why should he be postponed because he has also a special lien upon specific property, and is attempting to enforce it? If the debtor wishes to confine his creditor to one remedy, let him give but one security; let him decline to make a mortgage. In some states, I believe, a foreclosure suit results in a general judgment, as well as the enforcement of the mortgage lien. Where that is the case, a separate action on the notes would be superfluous, and might well be disallowed when foreclosure proceedings are already in progress. It is a misapprehension of the Code to apply sections 1946 and 2894 to a case like the present. These sections apply where the cause of action is the same in the two proceedings. The same debt, when made the basis of several contracts, will furnish, or may furnish, as many causes of action as there are contracts. Nothing is plainer than that the contracts in the two notes declared

upon are not identical with the mortgage contract. There was no error in striking the plea in abatement.

2. The first special plea in bar is a non-descript. It was said in argument to be a plea of recoupment, yet it does not offer to recoup, nor does it lay damages at any amount whatever; and it does not purport to be a plea of set-off. It says nothing about either recoupment or set-off. It simply presents certain facts, and holds them up doggedly and stubbornly as a bar, without deigning to indicate any theory, legal or equitable, upon which they are a bar. There would probably be no substantial defect if ordinary professional or judicial acumen could resolve the facts into a bar, but with such unique materials, the pleader ought to have lent the court below, and this court, some assistance. The notes declared upon were made on the 21st of February, and the contract alleged in the plea was two days later, so that, for this reason, the doctrine of recoupment would not apply; for "recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross obligations or independent covenants arising under *the same contract.*" Code, §2909. Again, while the plea alleges that the subsequent agreement was for a good and valuable consideration, it sets out no consideration of which a court can judge for itself whether it was good and valuable, nor does it say whether it was executed or executory; and the agreement itself is silent as to any consideration. The document copied in the plea is in the form of a mere certificate, and has the look of a naked promise. If it indicates anything more, it is that the inducement to make it was to stimulate prompt payment of all the notes except the one described; but the duty of prompt payment was already incumbent upon the debtor, and a mere repetition of his promise to pay at the time previously appointed in the notes themselves would not constitute "a good and valuable consideration" for the new agreement. Besides, the agreement was to renew the first note, and the plea does

not aver that any renewal note was tendered. It says that the defendant called upon the plaintiffs to renew the note for one year, which renewal they agreed to make, and informed defendant that it was allowed. To call this the renewal of a note is rather a strain upon language. It seems probable, looking to the general tenor of the plea, that the whole misunderstanding between these parties has grown out of the omission of the defendant to execute a renewal note according to usage, he construing the term renew in one way, and the plaintiffs in another. It is true, the plea alleges that the foreclosure proceedings were commenced before any of the notes became due, but this, I apprehend, means that none of them were due, treating the renewal as having been effected. Perhaps that proceeding took place precisely because no actual manual renewal was effected. It should be noted that the state of facts pleaded by the defendant is quite different from that developed by his evidence in the case of Boehm, Bendheim & Co. *vs.* Juchter, decided at this term.

3. The second plea in bar alleges total failure of consideration, but its matter is evidently not appropriate to that defense. There was no unsoundness in the property for which the notes were given, no defect in the title, no failure to deliver, no breach whatever of the contract of sale, or of any warranty of condition, express or implied, embraced in that contract. The defendant acquired title to the goods, and though the plaintiffs have caused them to be seized and sold, they have proceeded against them as his property and not as their own; they have resumed neither the possession nor the title with which they parted as the consideration of the notes. They have caused legal process to issue and to be executed, and if in this they have acted wrongfully, and to the injury of the defendant, they have committed a tort for which they are answerable in damages. The measure of the damages may be more or less than the amount of the notes, but it is just what it would have been if the like

tort had been committed in respect to any other property belonging to the defendant, of equal value. That the alleged wrongful levy was upon this particular property, does not change the tort into a failure of consideration. Grant that in committing the tort, a contract was broken, that contract was not the one by which the defendant acquired the goods and out of which the notes arose, but another and different contract. The seizure and sale of the goods, regarded not as a tort, but as a breach of contract, is thus no failure of consideration, but a cause of action in favor of the defendant against the plaintiff. Viewed in this light, the damages, if pleaded properly, might be set-off against the notes, under the provisions of the Code, the rule of Code being that contracts may be set-off against contracts, and torts against torts, but this does not help the plea we are discussing, which is expressly a plea of total failure of consideration, and nothing else. There was no error in striking it.

4. After the plea in abatement and the two pleas in bar were disposed of, there was no issuable defense supported by oath or affirmation, and it was the court's duty to render a judgment without the verdict of a jury. This result follows from the constitution of 1877, which, as we construe it, applies, in the provision on this subject, to city courts as well as to the superior courts.

Judgment affirmed.