ROUNTREE *et al. vs.* RUTHERFORD, administrator.

1. Where a counter-affidavit has been filed to a distress warrant, and the case returned for trial, the defendant may file a plea of bankruptcy if it operates to discharge the debt. The affidavit is pleading in such sense as to allow amendment by the addition of a plea of bankruptcy.

(a) The ruling in 55 *Ga.*, 56, will not be extended.

2. Where a distress warrant has been levied, a counter-affidavit filed, and a bond given for the eventual condemnation money, the process becomes *mesne*, and the debt may be discharged by bankruptcy.

(a) The discharge of the principal would operate to discharge the surety.

3. On the trial of the issue formed under a distress warrant, evidence was admissible to show that the landlord agreed for the tenant to sublet at less than the original price agreed on; but statements of the tenant in the absence of the landlord were not admissible for that purpose.

Distress warrant. Landlord and tenant. Pleadings. Amendment. Bankruptcy. Principal and surety. Evidence. Before Judge SIMMONS. Houston Superior Court. April Term, 1880.

Reported in the decision.

S. HALL; B. M. DAVIS, for plaintiffs in error.

DUNCAN & MILLER, for defendant.

JACKSON, Chief Justice.

John Rutherford, administrator *de bonis non* on the estate of Charles Thompson, sued out a distress warrant against Charles N. Rountree, which was levied on a tract of land on the third day of October, 1873. Whereupon, on the twenty-second day of October, 1873, the defendant filed a counter-affidavit alleging that the rent was not due and on the same day gave bond, with William Brunson as surety, for the eventual condemnation money. The cause pending on this issue, Rountree asked leave to file a plea that since the counter-affidavit and bond, he had made application to be declared a bankrupt, and was adjudged by the district court of the United States for the southern district of Georgia, to be a bankrupt, on the twelfth day of January, 1874, and on the twentieth day of November, 1877, was regularly discharged by that court from all debts provable in bankruptcy and in existence on the second day of January, 1874, the date of his application. This leave to file the plea was denied by the court, and defendant excepted. Brunson, the surety, asked leave to be made a party and to file a plea to the same effect, alleging his principal's bankruptcy and his discharge thereby, which was also refused, and he excepted. The court then ruled out all testimony in respect to Rountree's bankruptcy, and to this ruling the defendant also excepted. The defendant then offered to prove by Pierce, to whom Rountree had sublet the land it seems, that when he notified Rountree that he, Pierce, would only give $700.00 for the place for the year 1872, Rountree told him he could not let him have it for that sum without plaintiff's consent

and when he closed the contract with him for 1872, Roun-tree said that plaintiff had agreed to the reduction ; the court would not let in this testimony, and defendant ex-cepted. The court then ruled out all the testimony of defendant in regard to the sub-letting and reduction of the rent by the consent of the plaintiff, and defendant excepted. After verdict, both defendants then filed ob-jections to the entering judgment against them for the reason of the discharge in bankruptcy, which was over-ruled, and judgment was entered up for the amount of the verdict, $897.00 principal, with interest from 1st of January, 1873, to which they excepted. Error is assigned on all of these rulings.

The main questions which must control the case are two—first, can the plea of the discharge in bankruptcy be filed in this proceeding—it being a distress warrant and counter-affidavit, under §4083 of the Code, and secu-rity—if it can be set up as a defense in this case, is this debt discharged by the discharge of bankruptcy? or in other words, is this distress so levied and carried into court by counter-affidavit *mesne* or final process? If the for-mer it is discharged, if the latter it is not discharged.

1. We are of the opinion that the discharge in bank-ruptcy can be pleaded in this proceeding, if it operated to discharge the debt, because a discharge of the debt is proof that it is no longer a valid and subsisting debt, and therefore is not due. In 23d *Ga.,* 44, it was held that a set-off could not be pleaded, because that plea admitted that the rent was due, yet in that very case partial failure of consideration was permitted to be pleaded and proven, and the case was reversed because the court had excluded the testimony to show it, the partial failure, on the ground that it was parol evidence and would vary the rent note.

In 48 *Ga.,* 173, recoupment was allowed to be pleaded, grounded on the failure of the landlord to repair the roof of the store, whereby the tenant's goods were damaged.

It is true that in 55 *Ga.,* 56, on the issue made by a

counter-affidavit under section 1991 of the Code to fore-close a factor's lien, it was held that the affidavit made the sole issue and could not be amended; but that is a judg-ment of a majority of the court and not therefore abso-lutely binding on this court, though it did bind the circuit judge if applicable to the facts here. That was another affidavit, this is a plea in form and substance; and though the intimation and reasoning then would apply the prin-ciple to a case like this, this court, as now constituted, are unanimous that the ruling there .should not be extended. We hold that the counter-affidavit merely made one is-sue with the affidavit to distrain, and that it, in that sense, is pleading, and that all pleadings are amendable by adding thereto new pleas or amending the old one. Therefore we think that if the plea was valid—that is, if the discharge in bankruptcy discharged the defendant from paying this debt, it should have been allowed—just as in the 23 *Ga.*, failure of consideration, and in the 48 *Ga.*, recoupment was allowed. A debt paid is no longer due; a debt discharged by bankruptcy is to all intents and purposes the same. A debt, where the considera-tion fails, as in the 23 *Ga.*, is no longer due, and where the landlord has failed to repair and damaged the tenant, as in the 48, it is not due in whole or in part by the ex-press ruling of this court; and we are unable to see that a discharge from the debt on account of bankruptcy of defendant is less evidence that the debt is not due, than payment, or failure of consideration, or failure to repair the rented tenement.

2. The question then comes back to this, did the bank-ruptcy of defendant relieve him from paying this debt? If the process was final it did not; if *mesne,* it did. U. S. Stat., 5106—46 *Ga.*, 257. The process was not final under the facts here. The levy fell when the bond was given. The amount due was not fixed until the eventual con-demnation money was ascertained. Final process is pro-cess to make the money after judgment. Here there was

no judgment of any court until that which is now complained of.    This became merely process to bring the parties into court, and in no conceivable sense, after being brought in court, was it final.    It was not final as to the amount of money to be realized, nor as to property out of which the debt was to be paid.    That property, usually personal property, is replevied and gone.    Personal security is taken, and that not for its forthcoming, but for the EVENTUAL condemnation money.    It is true that if the counter-affidavit had not been taken, the property would have been sold under the distress, and in that case, and in one sense, might be deemed final.    But it became only *mesne* process when arrested by the counter-affidavit, and the lien was gone.

We are of the opinion then that the court erred in not granting leave to the defendant to file the plea of discharge in bankruptcy.    If the principal was discharged and no eventual condemnation money could be adjudged against him, of course no judgment could be entered against the surety whose obligation was to pay the eventual condemnation money of his principal, and only that money, 38 *Ga.*, 224.

This view of the case makes it unnecessary to decide whether the surety had the right to be made a party or not.    If any judgment should be rendered against him for money which his principal was not bound to pay according to law, it would be invalid and harmless if he were not a party, and illegal if he were one.

Of course, when the plea was rejected by the court, no evidence under it was admissible; but we think the plea should have been allowed, and then the evidence would have been admissible.

3. The conversation between Rountree and Pierce in the absence of Rutherford was inadmissible to charge or affect him; but any legal testimony going to show that Rutherford had agreed to the sub-letting by Rountree to Pierce at a less sum than he had let the land to Pierce at,

was admissible so far as this record shows the facts to have been, and we are not at liberty to consider other facts which may have been before the court below and may have controlled his ruling on this point.

The case will turn on proof of the plea of defendant's discharge in bankruptcy, which he should have been allowed to make, and if legally proven it will operate to discharge both principal and surety from the debt, and the other questions become immaterial.

The judgment is reversed on the ground that the court erred in not allowing the defendant to plead his discharge in bankruptcy, and a new trial is awarded on that ground.

Judgment reversed.