HART *vs.* HATCHER & BRANNON.

Where a mortgage on personalty has been foreclosed and levied, and a counter-affidavit has been filed and returned for trial, the execution is *mesne* process ; therefore, the plaintiff has the right to dismiss his suit at any time before final trial had upon this issue, pay the costs, and again foreclose his mortgage.

October 9, 1883.

Mortgage. Practice in Superior Court. Process. Before Judge WILLIS. Marion Superior Court. April Term, 1883.

Reported in the decision.

L. F. GARRARD ; W. B. BUTT, by HARRISON & PEEPLES, for plaintiff in error.

S. B. HATCHER, for defendants.

HALL, Justice.

The plaintiffs foreclosed a mortgage upon personal property, and upon this judgment of foreclosure an execution issued, and was levied upon the property mortgaged, which was advertised for sale, when the defendant filed and delivered to the sheriff an affidavit to the judgment of foreclosure, and thereupon the sale was postponed, and the execution and affidavit were returned. Before the trial of the issue thus formed, and in a few days after the affidavit was made and delivered to the sheriff. the plaintiffs voluntarily dismissed the suit, and having paid the cost of the proceeding, again foreclosed their mortgage, and upon this second judgment caused another execution to be issued and levied, and the defendant filed another affidavit, upon various grounds, among which was this, that "there had been a former recovery and foreclosure of the mortgage upon which this *fi. fa.* issued; that the property levied on under and by virtue of the same had been levied on by the *fi. fa.* issued upon the first foreclosure of the same mortgage; that an affidavit was filed to this judgment of foreclosure, and a bond was given, as required by law, prior to the date of the present foreclosure, which is for the same indebtedness as the first; that suit was then pending between the parties for the same cause of action at and prior to the second foreclosure, which put the defendant to unnecessary costs and additional trouble and expense.

All the other grounds of the affidavit were abandoned, and this was, by consent, submitted to the decision of the judge, without the intervention of a jury. Upon the hearing, which it was agreed should be had at chambers on a day named, it was admitted that there was no usury in the mortgage, and that all the facts, as above set forth, relative to the first foreclosure, the levying of the *fi. fa.* issuing thereon, and the levy of the same and advertisement of

sale, the affidavit filed thereto, the delivery of the same to the sheriff, the suspension of the sale, the dismissal of the suit, the payment of cost, and the second foreclosure thereafter, and the proceedings consequent thereon were true. On the hearing, the judge overruled this affidavit, and ordered the execution to proceed. Exception is taken to this judgment, and this makes the only question presented for decision; and that is, whether a former suit, for the same cause of action and between the same parties, was pending when the foreclosure, on which this *fi. fa.* issued, was had. The solution of this problem depends upon the fact, whether an execution issuing upon the foreclosure of a chattel mortgage, to which a defence has been put in, pursuant to the statute, is *mesne* or final process; whether the defence opens the judgment of foreclosure, and converts the proceeding into a declaration of indebtedness upon the security, placing it upon the footing of an ordinary process, bringing the defendant into court to answer the demand of the plaintiff.

That this is a suit pending at common law, has been several times decided by this court. *Rountree vs. Rutherford*, 65 *Ga.*, 444, made the point directly. There a distress warrant had been levied, and the proceeding was arrested, as in this case, by a counter-affidavit. After this, the defendant in the distress warrant went into bankruptcy and was discharged. He pleaded his discharge to this suit, and the question was, whether it relieved him from paying the debt. Jackson, C. J., delivering the opinion, said, p. 447: "If the process was final, it did not; if *mesne*, it did. The process was not final, under the facts here. Final process is process to make the money after judgment. Here there was no judgment of any court until that now complained of (the judgment on the trial of the issue made by counter-affidavit). This became merely process to bring the parties into court, and in no conceivable sense, after being brought into court, was it final."

In *Dawson vs. Garland*, 70 *Ga.*, 447, the point came

directly before the court, upon the foreclosure of a mortgage on personalty and counter-affidavit, which had been returned for trial, and it was held that the *fi. fa.* issuing on the judgment of foreclosure was *mesne* process, or was in the nature of *mesne* process, and was amendable; and further, that the levy, as in case of final process, issuing upon a common law judgment, did not fall by reason of such amendment.

This being so, the party plaintiff had a right to dismiss his suit at any time before final trial had upon this issue, and to renew it, under the circumstances herein disclosed. 57 *Ga.*, 20; Code, §§ 3447, 3446. It follows that the affidavit in this case was properly disposed of by a finding in favor of the plaintiff.

Judgment affirmed.