### 231.  FOWLER *v.* DAVIS.

Where a petition in equity is filed praying a general accounting between the plaintiff and the defendant, and the case is fully heard by an auditor, who reports in favor of one of the parties a certain sum, and a decree of the court is accordingly entered, such decree may be successfully urged under a plea of res judicata, in defense to a suit subsequently brought against the plaintiff by the defendant, on promissory notes which were in general terms referred to in the pleadings in the former case as matters to be considered in the accounting, and which were actually introduced in evidence before the auditor.  ·

Complaint, from city court of Atlanta—Judge Reid.  January 30, 1907.

Argued March 26,—Decided April 4, 1907.

*Bell, Pettigrew & Bell,* for plaintiff in error

*C. D. Maddox,* contra.

POWELL, J.  Davis sued Fowler in the city court of Atlanta on two promissory notes signed by Fowler and one J. G. Thurmond, dated December 21, 1900, and due November 1, 1901, and being each for the sum of $80.  The defendant pleaded that in an action previously tried between the same parties in Pickens superior court, the same being an action for an accounting, these notes had been included in the accounting, and a judgment rendered in favor of Davis, and that Fowler had paid off and discharged the same. Upon the trial the plaintiff introduced the notes, and the defend-

ant put in evidence the pleadings and judgment in the action in
Pickens county. That suit was brought by Fowler against Davis,
and the petition set up that there had been a partnership and other
mutual dealings between the parties, and that upon an accounting
there would be due the plaintiff about $700, over and above all de-
mands held by the defendant against him. In setting out the
items of indebtedness held by the defendant against him, Fowler's
petition alleged, among other things: "Petitioner and Joe Thur-
man also purchased from said partnership [of Davis and Fowler]
a pair of mules for $160, they giving their notes for the sum, paya-
ble to said Davis, Davis agreeing to give petitioner said notes when
they had their settlement and credit him with the same. . . Peti-
tioner further shows that said Davis is now threatening to sue him
for said . . mule notes [and other claims held by him], although
he is due to petitioner about $700 on a fair settlement, after pe-
titioner is charged with said items." The petition prayed, for a
dissolution of the partnership, "for an accounting of said partner-
ship business and all claims of said Davis against petitioner and all
claims of petitioner against said Davis;" further, "in order to
avoid a multiplicity of suits and numerous litigations between pe-
titioner and said Davis, that said Davis be enjoined and restrained
from suing petitioner on any of the said demands above set forth
that he holds against petitioner;" and for judgment on final ac-
counting and settlement. The judge of the superior court granted
the injunction prayed for. The defendant answered, admitting a
course of mutual dealing, but denying that it amounted to a part-
nership, and denied that the plaintiff would be due any sum on a
settlement, but asserted that the plaintiff would be indebted to him
in a sum for which he prayed judgment. In response to the al-
legation of the petition regarding the mules notes, the same was
admitted except so far as it asserted that he agreed to give Fowler
the notes; which was denied. In open court, on September 21,
1902, the judge, after reciting "that the within case involves an
accounting of long standing, as set up in the pleadings," passed
an order referring the case to an auditor. The auditor made a
brief report finding in favor of the defendant and against the plain-
tiff $845.72 on notes and accounts; however, evidently not includ-
ing these mule notes in the sum. A motion to recommit and also
exceptions were filed, but the court passed the following final

judgment: "The auditor has filed his report in the above-named and stated case, and there is a motion to have the auditor reconsider it and make special findings upon various points set out in this motion. The report passes specifically upon the main points of insistence that are set out by plaintiff in his original petition. It does not appear that such a report would be necessary upon the various points set out in the motion to recommit. There are also exceptions of fact and law. Those classed as exceptions of law are really exceptions of fact. I have read this record carefully. Of course in this case, as in most all cases, there is a conflict of evidence. Courts can hope only to do substantial justice. Take, for instance, here the question of partnership, as to whether the parties were partners or not.. The rights of third parties are not involved. It is a question as to the contract between them; and to carry that out it makes no difference whether under the law they are partners, or Fowler was the agent of Davis, if, after finding the contract between them, the court carries it out. Now the auditor has passed on all these matters. It is true that report might have shown the calculations between them to be conclusions, but, on the other hand, there is no calculation showing that is wrong. After fully considering the case and all the evidence, the motion to recommit it is refused, and the exceptions are not allowed. The fee of the auditor is fixed at seventy-five dollars, to be paid equally by the parties; and a decree will be entered accordingly, the report being hereby approved."

In addition to introducing the pleadings, judgment, etc., in the Pickens county suit, as set out above, the defendant also put in evidence the following portion of the testimony taken before the auditor in that case: (Mr. Davis testifying) "I have the notes on hand of the business. Here is one on J. G. Thurman and J. R. Fowler for $80, dated December 21, 1900. There is another one on J. G. Thurman and J. R. Fowler, dated December 21, 1900, for $80. (These notes were introduced in evidence by counsel for the defendant, Mr. Davis.) I consider the notes insolvent, because Fowler has sold the mules given as security for the notes, and Thurman is gone, and my chance is to get the money out of Fowler." Fowler also testified that he had paid off the judgment obtained against him by Davis in the Pickens county suit. Upon this testimony the court directed a verdict for the plaintiff for the full amount of both notes; and the defendant excepts.

We think that the verdict was improperly directed. In 23 Cyc. 1302, under the title of "Judgments," edited by Mr. Henry Campbell Black, the author of "Black on Judgments," it is said; "The general rule is that a judgment is conclusive for the purposes of a second action between the same parties or their privies, of all facts, questions, or claims, which were directly in issue and adjudicated, whether the second suit be upon the same or a different cause of action. A point or question is 'in issue' in a suit, in such sense that it will be concluded by the judgment therein, when an issue concerning it is directly tendered and accepted by the pleadings in the case; or when it is fairly within the scope of the pleadings, unless the judgment went off on a preliminary question, or the particular point was excluded from the consideration of the jury, or was not actually decided because not brought to the attention of the court." It seems clear to us that an issue concerning these notes was directly. tendered and accepted by the pleadings in the case, and that it was fairly within the scope of the pleadings. It is true that they were not very definitely described, but there was no demurrer requiring greater definiteness; and if any uncertainty existed as to whether these were the notes intended, the testimony of Davis before the auditor relieved it. Even if these notes had not been mentioned at all in the petition or answer, still the bill prayed a general accounting, and these notes were tendered in evidence by Davis in that accounting. The trial court in that case regarded the accounting as full and complete, and, so holding, refused to recommit the case for a more definite finding. The Supreme Court placed its approval upon this view of the matter by affirming that judgment. See *Fowler* v. *Davis,* 120 *Ga.* 442. "A decree in equity is conclusive upon the parties to the case on all questions raised or which could have been raised relating to the property to be affected by the decree." *Claflin Co.* v. *DeVaughn,* 106 *Ga.* 282. In the case just cited it is further held: "When personal property has been seized by a court of equity and one of the parties to the case has been allowed to take possession of the same upon giving bond to answer the decree to be rendered, such bond is to be treated as representing the property which was delivered to the obligor, and any party showing an interest in the property should be given a corresponding remedy upon the bond. In such a case where there are numerous parties, each claiming an interest in the

property, and a decree is rendered in favor of some of them only, and in accordance therewith judgments in their favor are entered against the principal and securities on the bond, though such decree does not in express terms declare that the other parties are not entitled to judgments on the bond, yet where it is clearly inferable from the decree as a whole that such was the intention of the judge who framed it, the decree would preclude such parties from raising the question as to their interest in the property, on a money rule brought by them against the sheriff who had collected the money on an execution issued on the decree in the name of the parties in whose favor the decree had been rendered."

The Pickens county suit was in equity, and the decree is within the rule above recognized. Under a prayer for general accounting, prima facie at least, all matters of indebtedness existing between the parties are settled and concluded by the decree. Compare *Brown* v. *Wilson*, 56 *Ga.* 534.      *Judgment reversed.*