24709. JORDAN *v.* AMERICAN AGRICULTURAL CHEMICAL COMPANY *et al.*

DECIDED FEBRUARY 18, 1936.

*C. A. Christian, Robert R. Forrester,* for plaintiffs.

*R. D. Smith, Colquitt, Parker, Troutman & Arkwright, Robert S. Sams,* for defendants.

BROYLES, C. J. J. F. Jordan brought suit for damages against the American Agricultural Chemical Company and C. J. Knight. Each of the defendants filed general and special demurrers, and their general demurrers were sustained. On these judgments the plaintiff assigns error.

Briefly, the contention of the defendants is that the petition attempts to set out a suit for damages for malicious use of a civil process (mortgage foreclosure), and that the petition failed to set out a cause of action. The plaintiff contends that "the gravamen of this suit is, however, not for the foreclosing of a mortgage, but for the forgery of the mortgage and the recording thereof, the effect of said forgery and recording being to destroy the financial credit of J. F. Jordan." We can not agree to this contention. The petition as amended alleges that on March 18, 1931, the plaintiff purchased from the defendant company, which acted through Knight, its salesman and representative, a quantity of fertilizer and gave his notes therefor; that on May 6, 1931, Knight requested the plaintiff to secure the notes with a mortgage on his crops, which he did by giving a bill of sale; that on May 31, 1932, the defendant company filed suit for the indebtedness, and claimed more than was due; that the defendant company, acting through Knight, forged and uttered a certain mortgage or bill of sale pur-

porting to have been executed by the plaintiff on May 21, 1931, and containing a description of 27 head of mules; that on October 14, 1932, the defendant company foreclosed the forged mortgage, and the plaintiff's live stock, farm implements, farm produce, and plow-gear were seized under said fraudulent mortgage execution; that plaintiff's life occupation was farming, and he could have continued to farm "had all of his property not been wilfully and maliciously sacrificed as a result of the *foreclosure* of the forged mortgage;" that he could have satisfied other named creditors "had it not been for the malicious *foreclosure* of the forged mortgage herein-before referred to, but that as a direct result of the *foreclosure* of the said mortgage" another creditor foreclosed its mortgage; "that by reason of the *foreclosure* of the defendant's forged mortgage" all of the plaintiff's property was levied upon and sold at sheriff's sale for less than half of its value; that when his property was sold "under and by virtue of the fraudulent mortgage *foreclosure,*" he was unable to bid it in, and said property was sacrificed; "that by reason of the illegal *foreclosure* of the mortgage by the defendant company" the plaintiff is unable to pursue his occupation of farming; that when the suit above referred to was filed on May 31, 1932, it involved the same transaction, and has never been finally adjudicated; "that by reason of said illegal *foreclosure* of said forged mortgage" the Bank of Tifton "on account of such illegal *foreclosure*" foreclosed its mortgage and levied on the property described in the bill of sale to the defendant, which is alleged to have been forged; that by reason of the levying of said execution the plaintiff "was unable to give a bond and was unable to plead as against the execution of the American Agricultural Chemical Company any defense arising out of the foreclosure of the Bank of Tifton mortgage;" and that when the defendant company *foreclosed* its mortgage for more than was due, the plaintiff filed an equitable defense thereto, which was dismissed by the trial judge. (Italics ours.)

It is a fundamental rule that a petition should be construed most strongly against the plaintiff. But, without invoking this rule, the instant petition clearly shows that all the damage alleged to have been sustained was the result, not of the alleged forgery, but of the alleged "malicious foreclosure of the forged mortgage." This being true, it was a suit for malicious use of a legal process, and

as such it failed to allege a cause of action. The petition does not allege want of probable cause to foreclose the mortgage; and "in such a case it is necessary to show malice and want of probable cause." *Porter* v. *Johnson,* 96 *Ga.* 145, 147 (23 S. E. 123). It fails to show that the mortgage-foreclosure proceedings resulted in favor of the defendant, the plaintiff in the instant case; and "it is a well-settled general rule that in an action for malicious use of legal process it is necessary to allege 'that the action on which the process issued has been finally terminated in favor of the defendant therein.'" *Sparrow* v. *Weld,* 177 *Ga.* 135 (169 S. E. 487), and cit. The petition not only fails to show a termination favorable to the defendant in the mortgage-foreclosure proceeding, but on the contrary it shows a termination favorable to the plaintiff therein, one of the defendants in the instant case. The petition also shows that the suit filed on May 31, 1932, and alleged to involve the same transaction, has not terminated in favor of the plaintiff, the same not having been finally adjudicated. It also shows that the equitable defense alleged to have been filed did not terminate in favor of the plaintiff, it having been dismissed. There is no allegation that the plaintiff filed an affidavit of illegality to the foreclosure of the mortgage, or stopped the foreclosure by a suit in equity. This being true, the matter is res judicata as to the foreclosure. The mortgage execution is a final process, and the unresisted foreclosure and sale thereunder concludes the mortgagor from setting up any defense as to the property sold. *Bank of Forsyth* v. *Gammage,* 109 *Ga.* 220 (34 S. E. 307); *Ford* v. *Fargason,* 120 *Ga.* 606 (2) (48 S. E. 180); *Delay* v. *Latimer,* 155 *Ga.* 463 (4), 470 (117 S. E. 446); *Collier* v. *Blake,* 16 *Ga. App.* 382 (85 S. E. 354); *Powell* v. *Fowler,* 34 *Ga. App.* 186 (3) (129 S. E. 13). Since the mortgage foreclosure terminated in favor of the plaintiff therein (present defendant), the judgment thereon, even if erroneous, "is nevertheless sufficient to establish conclusively the existence of such a probable cause [for the foreclosure by the mortgagee] as prevents the maintenance of" a suit for malicious use of a legal process. *Marshall* v. *Armour Fertilizer Works,* 24 *Ga. App.* 402 (5) (100 S. E. 766).

The petition does not allege that any damage resulted from "the forgery of the mortgage and the recording thereof," and it fails to allege a cause of action based on the malicious use of legal

636

process (the foreclosing of the mortgage). Furthermore, it does not set out a cause of action for malicious abuse of legal process, as such an action lies "where legal process has been employed for some object other than that which it was intended by law to effect" (*Porter* v. *Johnson,* supra), and the proceeding (mortgage foreclosure) used was designed and intended to accomplish the purpose for which it was employed. The court properly sustained the general demurrers.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*