### 27030. CUMMINGS *v.* ATTAWAY.

DECIDED NOVEMBER 2, 1938.

*W. A. Dampier,* for plaintiff in error.
*Blackshear & Blackshear,* contra.

BROYLES, C. J. On July 31, 1935, Attaway foreclosed a chattel mortgage covering one described horse and two described mules. The mortgage was executed by Cummings, and Attaway was named therein as the mortgagee. The mortgage fi. fa. was levied on the three described animals, and they were advertised to be sold on August 14, 1935. On that day the horse was legally sold, under the levy, to Attaway. The mules, however, were not sold then, for the reason that one Thompson, on August 13, 1935, had filed a claim to them. On October 21, 1935, a judgment finding the prop-

erty subject to the levy (and against the claim) was rendered. Thereupon the mules were again advertised to be sold on November 23, 1935, and a demand was made on the sureties to produce the property. The property was not produced and the sale was not made. On February 21, 1936, Cummings filed an affidavit of illegality in which he stated that Attaway sold him the horse for $85, that at the date of the purchase he paid Attaway $28 in cash, and that he bought the animal on Attaway's statement that it was sound, well-suited for a farm horse—the use intended, and was not defective or sick; that on the contrary the horse proved to be weak and unfit for farm work, and he carried it to Attaway and tendered it back to him, but Attaway refused to accept it; that at the date of the mortgage he had no mortgagable interest in the mules, as he had not paid for them, and he so told Attaway; that Attaway then stated to him "that he would not hurt him at all, that he just wanted to make the note a little stronger;" that he (Cummings) had not paid for the mules, and that Thompson held title to them when the mortgage was executed; "that the consideration in said case has totally failed and that the horse in question was entirely worthless to him as a farm horse;" and that "deponent prays that he have judgment against the said J. A. Attaway for the sum of $28 paid to said plaintiff." The affidavit of illegality, properly construed, shows that it is based solely on the alleged failure of consideration arising from the defects in the horse bought by Cummings; and since the horse was regularly and legally sold by the sheriff, long before the affidavit of illegality was filed, and no objection of any kind was made to the sale, the sale, as to the property sold, became final and conclusive between the parties; and especially so as to any defenses held by the mortgagor and which he had the opportunity of presenting. "The due and unresisted foreclosure of a chattel mortgage, followed by a regular sale of the mortgaged property under the mortgage execution, concludes the mortgagor, as to the property sold, from setting up any defenses, including usury, which he might have set up by counter-affidavit." *Bank of Forsyth v. Gammage,* 109 *Ga.* 220 (34 S. E. 307). "Where mortgaged property has been actually and legally sold under the levy of a mortgage execution, an affidavit of illegality, filed after such sale, is filed too late to convert the proceeding into mesne process, and the affidavit of illegality should be dismissed on motion." *Gen-*

*eral Motors Acc. Corporation* v. *Merritt,* 51 *Ga. App.* 68 (179 S. E. 655), and cit. The court did not err in granting the motion to dismiss the affidavit of illegality.

   *Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*