41304. BANKS v. EMPLOYEES LOAN & THRIFT CORPORATION.

PANNELL, Judge. 1. An execution issued on the ex parte affidavit of foreclosure of a mortgage on personalty (*Code* § 67-701) is final process unless halted by a counter affidavit pursuant to *Code* § 67-801 (*Powell v. Fowler & Son,* 34 Ga. App. 186 (129 SE 13); *Collier v. Blake,* 16 Ga. App. 382 (1) (85 SE 354); *Ford v. Fargason,* 120 Ga. 606 (48 SE 180)), but such final process is not a general judgment against the mortgagor (*Jackowitz v. Tingle,* 98 Ga. App. 463 (2) (106 SE2d 44)), nor does such "judgment" adjudicate any issue between the parties.

2. While "the due and unresisted foreclosure of a chattel mortgage, followed by a regular sale of the mortgaged property under the mortgage execution, concludes the mortgagor, *as to the property sold,* from setting up any defenses, . . . which he might have set up by counter-affidavit" (*Bank of Forsyth v. Gammage,* 109 Ga. 220 (34 SE 307); *Jordan v. American Agricultural Chemical Co.,* 52 Ga. App. 633, 635 (184 SE 455); *Cummings v. Attaway,* 58 Ga. App. 612 (199 SE 592); *Clifton v. Dunn,* 92 Ga. App. 520 (88 SE2d 710)), and he may not recover the property from the purchaser at such sale (*Hardy v. Luke,* 18 Ga. App. 423, 424 (2) (89 SE 540)), it does not necessarily follow that such unopposed execution and sale is conclusive as to the mortgage debt and the right to a personal judgment thereon against the mortgagor.

3. "Under the doctrine of res adjudicata, whenever there has been a judgment by a court of competent jurisdiction in a former litigation between the same parties based upon the same cause of action as a pending litigation the litigants are bound to the extent of all matters put in issue or which under the rules of law might have been put in issue by the pleadings in the previous litigation. Civil Code (1910) § 4336 [*Code*

of 1933, § 110-501]; *Perry v. McLendon,* 62 Ga. 598; *Hill v. Cox,* 151 Ga. 599, 604 (107 SE 850); *Hollinshead v. Woodard,* 128 Ga. 7, 15 (57 SE 79); *Bostwick v. Perkins,* 1 Ga. 136, 139; *Loganville Banking Co. v. Forrester,* 17 Ga. App. 246 (87 SE 694); *Fowler v. Davis,* 1 Ga. App. 549 (57 SE 939). A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties based upon a different cause of action. *Worth v. Carmichael,* 114 Ga. 699 (1) (40 SE 797); *Draper v. Medlock,* 122 Ga. 234 (50 SE 113, 69 LRA 483, 2 AC 650). In the latter case, there is an estoppel by judgment only as to such matters as were necessarily or actually adjudicated in the former litigation. That is to say there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of those pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined." *Farmer v. Baird,* 35 Ga. App. 208 (132 SE 260).

The holder of a mortgage on personal property may sue on the debt or may foreclose the mortgage against the property given to secure debt, either one or both, or may pursue both at the same time. *Juchter v. Boehm, Bendheim & Co.,* 63 Ga. 71; *Hopkins v. West Publishing Co.,* 106 Ga. App. 596 (2) (127 SE2d 849). "The two actions [foreclosure of the mortgage and the suit on the debt] are unlike, the causes of action are not the same, and the results are dissimilar. A mortgage on realty is foreclosed by petition and rule, Code § 3962 [See *Code* § 67-201]; a mortgage on personalty, by affidavit, annexing the same to the mortgage, and filing both in the office of the clerk of the superior court, Id., § 3971. An ordinary action is instituted by petition and process, Ib., §§ 3332 [See *Code* § 81-101], 3334 [See *Code* § 81-201], 4918. The cause of action in a foreclosure proceeding is the lien, and the breach of the condition of the mortgage contract; the cause of an ordinary action upon the notes is the promise which they contain and its non-performance. That the debt is the same makes no difference, for the securities are different, and upon each security for a debt, however numerous the securities may be, an action will lie if its terms are not complied

with. Payment of one will extinguish all, but as long as the debt subsists, each security has a separate vitality, and will support an appropriate action. The result of a foreclosure proceeding is the establishment of a special lien against the specific property, and the obtainment of an execution to sell it; the result of an ordinary action is a general judgment for the debt, which, by statute, is a general lien upon all the debtor's property, and which is enforced by execution against all his goods and chattels, lands and tenements. . . It is a misapprehension of the Code to apply sections 1946 [See *Code* § 28-103], and 2894 [See *Code* § 3-601] to a case like the present. These sections apply where the cause of action is the same in the two proceedings." *Juchter v. Boehm, Bendheim & Co.*, 63 Ga. 71, 74. It follows that neither *Code* § 3-601 nor § 3-607 has application where there has been no adjudication upon issues made by a counter affidavit to the affidavit of foreclosure.

4. Upon application of the foregoing principles to the present case, a suit on the debt secured by a mortgage on personalty, where, at a hearing on motion for summary judgment by the plaintiff mortgagee, the plaintiff introduced a certified copy of the prior mortgage foreclosure proceedings and short order sale proceedings with notice to defendant mortgagor, and the defendant offered the affidavit of the levying officer to the effect that the mortgaged property was in possession of the plaintiff rather than the defendant at the time of the levy, and also offered defendant's own affidavit to the effect that plaintiff had accepted a return of the mortgaged property in full settlement of the debt, it must be held that the trial court erred in refusing to admit in evidence the affidavits offered by the defendant and in granting the summary judgment for the plaintiff.

*Judgment reversed. Nichols, P. J., and Eberhardt, J., concur.*

ARGUED MAY 4, 1965—DECIDED JUNE 24, 1965—
REHEARING DENIED JULY 6, 1965.

*Eva L. Sloan,* for plaintiff in error.
*George E. Saliba,* contra.