ASBELL *vs.* THE MAYOR, ETC. OF BRUNSWICK.

1. A finding that the defendant in this case was guilty of the offence with which he was charged before the mayor and council of Brunswick, was not contrary to the evidence.

2. Upon the trial of a policeman of the city of Brunswick, upon charges of inefficiency, and failure and neglect of duty, a member of the council, who was mayor *pro tem.* and acted as presiding officer of the court, was entitled, as well as other members of the body, to vote upon the question of dismissing the officer, and was not limited in voting to cases of a tie only. Therefore where, upon the question of dismissal, the vote stood three in favor of the proposition, and three against it, one of the latter being the presiding officer, it was error to hold that he could not vote, and upon the withdrawal of his ballot, to declare the motion to dismiss adopted; and upon a petition for *certiorari* alleging such error, the writ should have been granted.

3. Under the act of the legislature incorporating the city of Brunswick, the mayor and aldermen could remove a police officer executively, if they thought proper to do so, without trying him at all, provided they had good and sufficient cause therefor. If they had not, he would probably have a right of action against the city for his salary.

March 26, 1888.

Municipal corporations. Brunswick. Officers. Policemen. *Certiorari.* Before Judge ATKINSON. Glynn superior court. May term, 1887.

Reported in the decision.

SYMMES & JOHNSON, for plaintiff in error.

CROVATT & WHITFIELD, *contra.*

BLANDFORD, Justice.

This was an application by George W. Asbell to the judge of the superior court for a writ of *certiorari*; which the court refused to grant, upon the petition without more. The application shows that Asbell was a policeman of the city of Brunswick; and that the mayor exhibited certain charges against him, for inefficiency in the discharge

of his duties and for failure and neglect of duty; it being charged that he, being then a policeman of said city, whose duty it was to discover and disclose information pertaining to the commission of crimes or offences within the limits of the city, claimed that he had information tending to convict the perpetrator of a homicide committed in that city, which information he failed to disclose, but which, in a certain anonymous letter to the mayor and council, he proposed to furnish if they would pay him $1,000. Asbell appeared and answered these charges, the trial being had before six aldermen sitting as a court, one of whom, Mr. Penniman, acted as presiding officer of the court, he being mayor *pro tem.* and the mayor being absent and refusing to preside. Asbell was found guilty; which finding, he says in the petition, was contrary to the evidence.

1. As to this, we differ from the petition; we think the evidence shows that he was guilty beyond any question.

2. Upon the proposition that the defendant be dismissed from the police force, three members of the court voted in favor of dismissal, and three members against it, one of the latter being Mr. Penniman, the presiding officer of the court. Thereupon the city attorney suggested to the court that Mr. Penniman, being the presiding officer, was not entitled to vote except in case of a tie; and the court ruled that he was incompetent to vote and his vote was withdrawn, and the motion to dimiss the defendant from the police force was thereupon declared adopted. This is assigned as error.

We think the judge of the superior court should have granted this writ of *certiorari.* We see no reason why Mr. Penniman should not have been allowed to vote as well as any other member of the court. The law authorized him to vote. There is nothing in the act of the legislature, incorporating the city of Brunswick, which deprived him of the privilege, and if there is anything in the ordinances of the city to that effect, it does not appear

in this record; we have none of the ordinances before us. So we think that the court organized to try the defendant ruled wrongly in holding that Mr. Penniman was not entitled to vote.

3. It was competent, under the act of the legislature incorporating the city, (acts of 1872, p. 151,) for the mayor and aldermen to remove this officer executively, if they thought proper to do so, without trying him at all, provided they had good and sufficient cause. The 9th section of this act is as follows: "The said mayor and aldermen shall . . elect all permanent officers of the city, . . and prescribe their duties, . and may, at their discretion remove them and all others from office, for a breach or neglect of duty, or for bribery or incapacity; and they shall also appoint all such other officers of the city as they may deem necessary and proper for the ·police and good government of the same, and regulate the time and manner of electing said officers, and prescribe their duties, . . and remove them for good and sufficient cause." And to do this, they would not be obliged to sit as a court. They must have good and sufficient cause; otherwise the officer removed without good cause would probably have a right to bring an action against the city for his salary.

In view, therefore, of this act and the allegations in the petition for *certiorari*, we think that the judge of the superior court should have granted the writ and let it be answered, and then have determined the case properly. The judgment of the court below is reversed because of the refusal of the court to grant the writ of *certiorari* prayed for.

Judgment reversed.