## CARR *v.* CITY COUNCIL OF AUGUSTA.

## DELANEY *v.* CITY COUNCIL OF AUGUSTA.

1. When a municipal council acts in a legislative, executive, or ministerial capacity, its action is not subject to review on certiorari.
2. When a municipal council acts in a judicial capacity, its action is subject to review on certiorari.
3. The authorities of a municipality may revoke a license to sell liquor, granted by them, at any time without trial or notice; and when a revocation of such license is thus accomplished, it is in the exercise of the executive powers of the municipality, and the action is not subject to review on certiorari.
4. When a charter of a municipal corporation contains the usual general welfare clause, and confers the power to control and regulate the sale of liquor, the authorities of the city may pass an ordinance providing that the conviction of a holder of a license to sell liquor, in a court of competent jurisdiction, of any violation of the law regulating the sale of liquor, shall work a revocation of the license.
5. When the ordinance of the character indicated in the preceding note provides that the clerk of council shall submit to council "each and every conviction," the ordinance contemplates that evidence of the conviction shall be submitted by the clerk before action is taken revoking the license.
6. In determining whether the evidence submitted is sufficient to authorize a revocation of the license under the ordinance, the municipal council acts in a judicial capacity and its judgment is subject to review on certiorari.
7. A municipal council can not justify a revocation of a license to sell liquor under its general power to revoke such licenses at pleasure, when it appears from the resolution revoking the license that the same was not passed in pursuance of this general power, but apparently under the authority of an ordinance declaring a given act to be a sufficient cause for revocation.
8. The judge should have required the municipal council to file an answer to the allegation in the petition for certiorari that there was no evidence before it as to the conviction of the parties whose licenses were revoked. Upon the coming of such answer he should have determined whether the evidence before it, if there was such, was sufficient to authorize the passage of the resolution, the resolution being in the nature of a judgment declaring the licenses forfeited.

Submitted October 11.—Decided November 9, 1905.

Certiorari. Before Judge Hammond. Richmond superior court. May 13, 1905.

*S. H. Myers, N. M. Reynolds,* and *Salem Dutcher,* for plaintiffs in error. *C. Henry Cohen,* contra.

COBB, P. J. The City Council of Augusta granted a license to sell liquor to the firm of Delaney & Co., of which James Delaney was a member, and also granted a similar license to Carr. After the licenses were granted, and before they had expired, the City Council passed an ordinance making it the duty of the council to declare the forfeiture of any license if the dealer should be convicted, in any court of competent jurisdiction, of a violation of any Federal, State, or municipal regulation governing the sale of liquor, and imposing it as a duty upon the clerk of the council to submit to the council each and every conviction, as above indicated, of every person holding a license from the city. The clerk reported that Delaney and Carr had each been convicted, in the city court of Richmond county, for violation of the State law governing the sale of liquor; and the council passed a resolution declaring the licenses held by Delaney and Carr forfeited, the forfeiture to take effect ten days after the passage of the resolution. While the ordinance did not provide that notice of the intention to revoke should be given to the party holding the license, the council permitted Delaney and Carr to be heard through their attorneys before the resolution was passed. Delaney and Carr each applied for the writ of certiorari to review the action of the council in passing the resolution revoking the licenses. The petition was sanctioned, and at the hearing the judge dismissed each petition, and each of the defendants excepted. In each petition it is alleged that at the time the resolution forfeiting the license was passed, the council had before it no evidence of the fact recited therein. This allegation was denied in the answer to the certiorari as originally filed. Upon exception to this the denial was stricken; and then an exception was filed to the answer, because the allegation was not answered at all. The council demurred to this exception, upon the ground that it **was unnecessary for** answer to be made to such an allegation; and this demurrer was sustained. Each bill of exceptions contains an assignment of error upon the striking of the exceptions just referred to, and upon the dismissal of the petition.

It is said that the petition was properly dismissed, for the reason

that a proceeding of a municipal council could not be reviewed by certiorari. But the code declares that the writ of certiorari will lie for the correction of errors committed by justices of the peace, corporation courts, and councils, and any inferior judicatory, or any person exercising judicial powers. Civil Code, §4634. It is therefore to be determined whether a municipal council, when proceeding to declare forfeited a license which had been issued by it, is exercising judicial power. If such action is in the exercise of judicial power, an error committed may be corrected on certiorari. The duties of a municipal council are varied. Some are merely ministerial, some are legislative, some are executive; but there are still others which are judicial in their nature, and the determination of where the legislative or ministerial duty ends and where the judicial duty begins is often attended with extreme difficulty. Harris on Certiorari, §48.

Where the duty is purely ministerial, or purely legislative, the error can not be corrected by certiorari. But where the duty imposed upon the municipal council clearly requires the exercise of judicial powers, or even the exercise of quasi-judicial powers, the general rule is that an error committed may be reviewed on certiorari. 1 Smith on Mun. Corp. §561. When a municipal council passes an ordinance it acts in its legislative capacity, and certiorari will not lie. But when, after having passed an ordinance, it proceeds to enforce the same, according to its terms, against one who has become liable to a penalty provided by the ordinance, in the determination of whether such person has violated it, and has thereby become subject to be proceeded against under its provisions, a municipal council is exercising a judicial power of the same nature that any court would exercise in investigating whether a given person has violated a given law. The action of the council, no matter by what name it might be called, order, resolution or otherwise, which declares that a person has laid himself liable to penalties prescribed in the ordinance, is a judgment of the council, which can only be reached by the exercise of judicial functions, that is an application of the law as laid down in the ordinance to the facts that appear before the council at the time the resolution is passed. The ordinance in effect imposed a penalty upon one holding a license to sell liquor when he did any one or more of the acts referred to in the ordinance. The ordinance devolved upon the council the de-

termination of the question of fact as to whether he had been guilty of the acts declared illegal. Without reference to whether the ordinance was invalid for not providing notice to the party proceeded against for a forfeiture of his license, the act of the council declaring the person proceeded against guilty of a violation of the ordinance was in its very nature a judicial act. See Black on Intoxicating Liquors, §195.

In the case of *Sprayberry* v. *Atlanta,* 87 *Ga.* 120, it was held that a municipal corporation which had authority under its charter to regulate the retail of ardent spirits within its limits, and at its pleasure license such retailers, etc., and also the power to pass such ordinances as seemed to it proper for the peace, good order, and health, etc., and good government of the city, had full authority to provide by ordinance that the conviction in the State courts, of one licensed to retail liquors, of a violation of the State statutes in reference to the sale of spirits, should work an immediate revocation of the license of such person. The authority of the City Council of Augusta under the charter of the city being substantially as broad as the authority of the council of Atlanta, the case of *Sprayberry* is controlling on the question as to whether the council of Augusta had authority to pass the ordinance in question so far as charter authority is concerned. It is said, though, that the State has legislated fully in reference to the forfeiture of liquor licenses, and that by the act of 1891, now contained in the Penal Code, §452, the authority to revoke a license for the sale of liquor, on the ground set forth in the ordinance, is vested exclusively in the judge of the State court trying the defendant for a violation of some law regulating the sale of liquor. The section provides that if any vendor of intoxicating liquors shall be convicted of a violation of any law controlling the liquor traffic, it shall be a part of the sentence that the license shall be forfeited. It was held in *Newman* v. *State,* 101 *Ga.* 539, before sentence forfeiting the license could be legally imposed, the indictment should set forth that the accused was a regularly licensed vendor of intoxicating liquors. It may be that a licensed vendor of intoxicating liquors is indicted, without this fact being averred in the indictment, which was the fact in *Newman's* case; and if so, his license can not then be revoked by sentence, under the ruling in that case. But without reference to this, we see no reason why this statute should be construed

as giving exclusive authority to the judge of the State court to provide for the revocation of the license for the causes named in the statute.   There is no such conflict of the implied powers of the corporation resulting from the provisions of the charter above referred to and the terms of the act of 1891 as would require a holding that the power of the municipality was necessarily taken away by implication when the act of 1891 was passed.

Under the terms of the ordinance, before a forfeiture could be declared it must appear that the party proceeded against had violated some lawful regulation in reference to the sale of liquor.   Even conceding that the ex parte proceeding was legal (and upon this we now express no opinion), it was necessary that at the time of the proceeding there should be sufficient evidence before the council to authorize a finding by them that the person whose license was sought to be forfeited had done one or more of the acts prohibited by the ordinance.  .The proceeding to forfeit the license was in its nature a judicial proceeding which would culminate in a judgment depriving the party of the right which he had under a license granted him by the city.   The judge of the superior court on the application of the party affected by the judgment thus rendered could review the action of the council on certiorari.   When the petition for certiorari in terms alleged that the council acted without any evidence, an answer should have been filed to this allegation, and upon the coming in of the answer the judge should have determined whether the evidence before the council was sufficient to authorize the resolution or judgment rendered by them.   It was therefore erroneous to strike the exception to the answer that it did not reply to the allegations of the petition that there was no evidence before the council at the time the resolution forfeiting the license was passed.

But it is said that the City Council had authority to revoke the license at pleasure; and this is true.   *Melton* v. *Moultrie,* 114 *Ga.* 462; *Ison* v. *Griffin,* 98 *Ga.* 623.   If in the exercise of its right the city had passed an ordinance or resolution simply revoking the license, this would have been done in the exercise of its executive powers, and the courts would not have reviewed the same on certiorari.   But when they attempt to revoke the license for cause, under the provisions of the ordinance providing that a certain act shall be sufficient cause for the revocation of the license, and do

not proceed under their general discretionary power, then the determination by the council of the question as to whether the person holding the license has made himself amenable to the provisions of the ordinance declaring a certain act to be sufficient cause for revoking the license, requires the exercise of judicial powers, and renders the action subject to review on certiorari. In *Asbell* v. *Brunswick*, 80 *Ga.* 503, it was held, where a municipal council had the right to remove a policeman without trial, as well as to remove him after trial, that if the council proceeded under the latter method, their judgment of removal was subject to review on certiorari, while if they had proceeded under the former method, their action would have been in the exercise of their executive powers, and not subject to review on certiorari. See also *Gill* v. *Brunswick*, 118 *Ga.* 85; *Mayor of Macon* v. *Shaw*, 16 *Ga.* 172.

*Judgment reversed. All the Justices concur.*