1097. CENTRAL OF GEORGIA RAILWAY CO. v. WRIGHT.

While a judgment against the defendant in the main suit is an indispensable prerequisite to the rendition of a judgment against the garnishee, a garnishee against whom judgment has been rendered can not, by affidavit of illegality interposed to the levy of an execution issued upon the judgment in garnishment, question the validity of the antecedent judgment rendered against the defendant. The prior judgment against the defendant in the original suit is only necessary evidence which must be adduced in order to warrant a judgment against a garnishee; and in no case can an affidavit of illegality be used to test the sufficiency of the evidence upon which the judgment was rendered. A garnishee may attack the judgment against his creditor and object to its use as evidence against him, either because it is void or upon any other proper ground, *before* a judgment is entered against him; but *after* the judgment has been rendered it is conclusively presumed in its favor that all proof necessary to its rendition was presented.

Certiorari, from Bibb superior court—Judge Felton. March 3, 1908.

Submitted May 8, 1908.—Decided February 9, 1909.

*R. Douglas Feagin, R. S. Wimberly,* for plaintiff in error, cited: Civil Code, §§ 5373, 4726, 4736-42; *Ga. R.* 126/662, 666; 118/854; 106/566-68; 91/264-68; 111/724, 835; 26/140; 68/354; 71/11; 30 Cent. Dig., Judgt. §§ 924-40; 60 S. E. (So. Ca.) 928; 2 *Ga. App.* 218.—114 *Ga.* 1, distinguished.

*Hardeman, Jones & Johnston,* contra, cited: 114 *Ga.* 1; 120 *Ga.* 1072.

RUSSELL, J. The Central of Georgia Railway Company traversed the answer of the magistrate to a writ of certiorari which had been sued out by Wright. The judge of the superior court struck the traverse as being immaterial, sustained the certiorari, and ordered a new trial. The plaintiff in error excepts to this judgment. One William M. Wright filed a suit upon a note against Hyatt & Houser in a justice's court, and caused summons of garnishment to be served upon the Central of Georgia Railway Company. Upon the trial before the justice judgment was rendered

against the defendants and also against the garnishee. Execution was issued against the garnishee and levied, and thereupon the garnishee filed its affidavit of illegality. The affidavit of illegality was based upon the grounds, that the garnishee was never legally served with a summons of garnishment; that the "defendant" was never legally served, and for that reason the judgment against him was void; that the judgment against the garnishee was void, because there was really never any such suit as that of W. M. Wright against the principal defendants, in that the note sued on and showing the cause of action was payable to Mrs. W. M. Wright, an entirely different person from W. M. Wright, and therefore the original judgment against the defendants was void; and for that reason (i. e. as no valid judgment had been rendered against the defendants) the judgment against the garnishee was also void. The traverse of the officer's return of service, and amendment to the affidavit of illegality, set up that Hyatt, defendant in the main judgment, was never in fact served. Upon the trial before the jury evidence was adduced showing, that neither of the defendants in the original suit upon the note was ever served; that the bond in garnishment was signed in behalf of Wright, the principal, by an agent, apparently without authority, and that the summons of garnishment was served upon H. W. Pitman, the agent of the Central of Georgia Railway Company, in charge of the office. The jury found in favor of the illegality and that the levy be dismissed. Wright having filed a petition for certiorari, and the magistrate having adopted as true all of the statements of fact contained in the petition, the railway company traversed the answer, for the purpose of establishing, by the verdict of the jury, that the real payee of the note was Mrs. W. M. Wright, and not W. M. Wright, and for the further purpose of showing more fully that the defendant Hyatt was never served, and did not live at the house where the constable left the copy summons, and also of showing that the answer of the plaintiff in error to the summons of garnishment was properly submitted to the jury.

Upon motion of counsel for the defendant in error the court struck the traverse, holding that the facts which it proposed to establish, as having been shown in the trial in the justice's court, were immaterial. In this we think the court ruled correctly. While it is true that there must be a valid judgment against the prin-

cipal debtor,—the defendant in the original suit,—before a valid judgment can be rendered against the garnishee, still, where summons of garnishment has been served upon the garnishee, he has his day in court, and he must make it appear, before a judgment is entered against him, that the prior judgment, upon which his liability depends, is void. He can not stand by and, knowing that the judgment against his creditor, the defendant in the original suit, is void, permit judgment thereupon to be entered against himself, and thereafter claim, by illegality, that the judgment against him is void. In the case of a judgment against the garnishee, as in the case of every other judgment, the court is presumed to have had before it proper evidence warranting the judgment rendered; and while it must appear to the court rendering the judgment against the garnishee that there is a valid judgment against the defendant in the main suit, the antecedent judgment is not a part of the pleading; it is merely evidentiary; and, as against a judgment unexcepted to or unreversed, the garnishee will not be permitted, by affidavit of illegality, to go behind the judgment and to say that the court did not have sufficient evidence to authorize its rendition. It matters not to the garnishee whether the original judgment against the defendant was void or not. If void, the garnishee, as we held in *Ingram* v. *Jackson Mercantile Co.,* 2 *Ga. App.* 218 (58 S. E. 372), has the right, before judgment is entered against him, to show that the antecedent judgment is not in fact a judgment, and to object to its introduction in evidence, upon the ground that it is void, and therefore no judgment.

After judgment was rendered against the garnishee, to which no exception was taken, he was estopped from setting up that the judgment against Hyatt was void, either because Wright was not the proper plaintiff or because the court was without jurisdiction to render it. The garnishee had his day in court, and even the fact that he may not then have been able to secure the evidence from which it now appears that the original judgment was void, the quality of the prior judgment being purely evidentiary, will not afford him any relief. Equity might perhaps set aside the judgment if the evidence of the non-service of the defendant Hyatt was concealed by the constable's return of service, in case the constable and the surety on his bond are insolvent; or, if the garnishee is compelled to pay the sum of money from which Hyatt himself may be re-

lieved (by reason of the invalidity of the judgment against him), the garnishee can find a remedy against the constable and the sureties on his bond, if they are solvent, for the alleged false entry of service; but the garnishee can not by illegality go behind the judgment or set it aside because the antecedent judgment against Hyatt was void. The justice's court used the judgment against Hyatt only as evidence. If, by reason of that judgment being void, it was improper or incompetent evidence, the garnishee should have objected and invoked the ruling of the court thereon before a judgment was entered against him. The effect of the illegality, in attacking the validity of the judgment against Hyatt, is to urge that the judgment rendered against the garnishee was rendered upon incompetent and unsatisfactory evidence. An illegality can never be used for this purpose; and, therefore, the traverse was immaterial, and the judge of the superior court did not err, either in striking the traverse or in sustaining the certiorari.       *Judgment affirmed.*