2219.  SOUTHERN RAILWAY COMPANY *v.* GRANGER.

All the evidence rebutted the inference that the servants of the railway company failed to exercise ordinary care to keep from killing the plaintiff's cow.

DECIDED SEPTEMBER 20, 1910.

Appeal; from Jeff Davis superior court—Judge Parker.  September 13, 1909.

*J. F. DeLacy, H. A. King, E. A. Chastain,* for plaintiff in error.

*P. L. Smith,* contra.

RUSSELL, J.  Granger sued the railway company to recover damages for the killing of a cow, and obtained a verdict.  The complaint of the railway company is that the verdict is contrary to law and without evidence to support it; and we have finally concluded that this complaint is sustained by the record, though to the mind of the writer it is extremely questionable whether the judgment of the trial judge, refusing a new trial, is not right. Upon my individual judgment I would be inclined to hold that as all questions of negligence are for the jury, it was for the jury to determine (under the peculiar circumstances of the case, and their special and general knowledge of cows) whether the exercise of ordinary care on the part of the servants of the railroad company, to keep from killing this cow, required them to blow a whistle or to adopt some other measure to frighten the cow away, or to prevent her from returning to the railroad track.  Upon consultation I yield my doubts.

It was admitted that the cow was killed by an engine of the defendant company.  She crossed the track in plain view of the engineer and fireman, about three or four hundred yards in front of the engine, and they naturally supposed she was out of danger. There was an embankment at this point, and after the cow had crossed the track and had gone into some weeds a few feet from the track, she suddenly wheeled, and, just before the engine got to her, she unexpectedly ran back on the track immediately in front of the engine and was killed.  It is true that the train did not slow down, nor did the engineer sound his whistle, but the cow was apparently out of danger, and after she ran back on the track it was too late to keep from killing her.  There was nothing in the cow's actions to give an indication that she would run back on the track;

and that is the reason given by the engineer and fireman for not putting on the brakes or sounding the whistle.

Under this evidence we hold that the railroad company rebutted the presumption of negligence, and the jury were not authorized to infer that the servants of the railway company had failed to exercise ordinary care to keep from killing the cow, merely because the cow acted in an extraordinary way. The burden was on the railway company to rebut the presumption that the cow was negligently killed, and to show that its servants exercised *ordinary* care and diligence to keep from killing the cow. The cow had crossed the track and had gotten seven or eight feet the other side, when she wheeled around and came back on the track. The engineer and the fireman could not reasonably have anticipated that the cow would turn around and come back on the track, although, according to the testimony, she was only seven or eight feet the other side of the track. With such knowledge of the bovine genus as we·possess, we do not think that it could possibly have been foreseen by the exercise of ordinary· care, that the cow would "take a back track."

*Judgment reversed.*