#### 4022. ATLANTIC COAST LINE RAILROAD CO. *v.* WALTHOUR.

RUSSELL, J. This case is controlled by the decision of this court in *Southern Railway Co.* v. *Granger,* 8 *Ga. App.* 239 (68 S. E. 942), and the trial judge erred in overruling the certiorari and entering final judgment in favor of the plaintiff. *Seaboard Air-Line Ry.* v. *Blue,* 120 *Ga.* 228 (47 S. E. 569); *Atlantic Coast Line R. Co.* v. *Thomas,* ante, 209. *Judgment reversed.*

DECIDED FEBRUARY 4, 1913.

Certiorari; from Bryan superior court—Judge Sheppard. November 9, 1911.

*Shelby Myrick,* for plaintiff in error.

---

#### 4025. SOUTH GEORGIA GROCERY CO. *v.* WADE-CHAMBERS GROCERY CO.

RUSSELL, J 1. The brief of evidence fails to disclose that the plaintiff had obtained a judgment against the defendant. In the trial of the issue formed upon a traverse of a garnishee's answer, it is an indispensable prerequisite to the judgment against the garnishee that the plaintiff shall show that he has obtained a judgment against the defendant; and for this reason the judge of the superior court did not err in directing the verdict. *Ingram* v. *Jackson Mercantile Co.,* 2 *Ga. App.* 219 (2), (58 S. E. 372).

2. According to the undisputed evidence, the first negotiations between the defendant and the garnishee did not ripen into a contract. The delivery of the stock of goods by the defendant to the garnishee did not pass title to the goods; for it was conditioned upon other essential stipulations which could not at that time be agreed upon or complied with. Dating from the actual contract of sale, the garnishee complied both with the letter and spirit of section 3227 of the Civil Code. The purpose of the statute codified in this section was to give to creditors of the seller an opportunity to garnish the buyer before payment of the purchase-price or the delivery of any negotiable promissory note or other evidence of indebtedness by him, and thus protect them against being defrauded in the collection of their debts. The act contemplates that the contract of sale shall be followed by an inventory, and a demand by the buyer from the seller of a statement on oath of his creditors and the amount due to each of them, and five days notice to the creditors. According to the evidence, each of these requirements was complied with by the buyer who was garnished in the present case; and for this reason, also, the judge did not err in directing a verdict.

<em>Judgment affirmed.</em>

DECIDED FEBRUARY 4, 1913.

Garnishment; from Brooks superior court—Judge Thomas. November 10, 1911.

*Bennet & Long,* for plaintiff. *Branch & Snow,* contra.