### 7013. HARDY *v.* LUKE.

WADE, C. J. 1. The defendant in a chattel-mortgage foreclosure, under which the property was sold to a third person, sought, in an action of trover, to recover the property from the purchaser, by showing that the foreclosure of the mortgage before the debt was due was imperfect, in that the affidavit of foreclosure, though asserting that the defendant resided "out of the State," failed to allege also that the mortgagee had placed himself in a position where process of attachment could be legally sued out against him (Civil Code, § 3287); and that, though asserting that the debt was then due, this allegation was controverted by the recitals in the copy of the mortgage itself, which was attached thereto, and also because the copy mortgage attached was not sufficiently verified, in that the verification thereof was contained in the affidavit of foreclosure only. *Held:*

(a) The provisions of section 5706 of the Civil Code, relative to the amendment of affidavits, are to be broadly and liberally construed. *Collins* v. *Taylor, 128 Ga.* 789 (58 S. E. 446), *Bainbridge Stock Co.* v. *Krause-McFarlin Co., 8 Ga. App.* 220 (68 S. E. 1013). An affidavit to foreclose a mortgage under section 3287 of the Civil Code, stating that the mortgagor has "placed himself in some one of the positions where process of attachment could legally issue against him," is amendable. *Bainbridge Stock Co.* v. *Krause-McFarlin Co.*, supra. So also such an affidavit alleging that the defendant "resides out of the State" alleges a ground of attachment, and hence authorizes a foreclosure of a mortgage before due, and if the further allegation that the mortgagor has placed himself in a position where process of attachment could legally issue against him is a necessary averment, it may be added by amendment.

(b) "The copy of the mortgage, attached to the foreclosure affidavit, was verified by the statement in the affidavit." *Bainbridge Stock Co.* v. *Krause-McFarlin Co.*, supra.

(c) The requirement in section 3287 of the Civil Code, that the affidavit shall state when the amount of the debt or demand "will be due," was sufficiently met by the assertion in the affidavit of foreclosure that "there is now due on said mortgage the sum of $500 principal and $15 interest, and that the amount of said several sums is now due." The mortgage itself showed that it was not yet due by its terms when the affidavit of foreclosure was made, and the only rational construction to be placed on the affidavit as made was that the amount of $500 principal and $15 interest up to the date of the foreclosure was the amount due *on that date*, because the defendant was subject to attachment for the reason that he was a non-resident of this State.

(d) If the requirements for the foreclosure of a chattel mortgage have been substantially complied with, and all defects in the proceedings appear to be amendable, the proceeding is not void, and third persons acquiring rights to the property sold thereunder will be protected therein.

2. A judgment rendered by a court of competent jurisdiction is not subject to collateral attack, where it is on its face apparently valid, and such defects as existed in the proceedings upon which the judgment was based could have been cured by amendment. Where property is sold under a mortgage foreclosure, the defendant therein can not in a trover suit recover it from a third person who purchased it in good faith at that sale, by showing that some of the averments in the affidavit of foreclosure were untrue. There being no counter-affidavit to the foreclosure, the execution became final process, and the sale thereunder was conclusive upon the parties, in a legal investigation.

3. The trial judge did not err in awarding a nonsuit.

*Judgment affirmed.*

DECIDED JULY 12, 1916. REHEARING DENIED JULY 31, 1916.

Trover; from city court of Nashville—Judge Christian. October 12, 1915.

*Hendricks, Mills & Hendricks,* for plaintiff.
*R. D. Smith, W. D. Buie,* for defendant.