### 16455.  POWELL *v.* FOWLER & SON.

1. "At the hearing of a certiorari in the superior court, nothing can be considered by the judge but the petition and answer." *Gildea* v. *Hill,* 115 *Ga.* 136 (2) (41 S. E. 492).

2. Even if it be conceded that the very meager statement in the bill of exceptions was tantamount to an agreement between opposing counsel that the facts set out in the petition for certiorari were true (and we doubt if it had that effect), still it has never been held in this State that an agreement between counsel or litigants is a legal substitute for verification of a petition for certiorari by the answer of the trial magistrate. In this connection see *Kilpatrick* v. *Smith,* 32 *Ga. App.* 44 (123 S. E. 35). Indeed, in *Cochran* v. *Anderson,* 30 *Ga. App.* 427 (1) (118 S. E. 450), the law is stated as follows: "Allegations in the petition for certiorari, not verified by the answer, are not to be taken as admitted, and present nothing for determination, either by the superior or the appellate court. *Landrum* v. *Moss,* 1 *Ga. App.* 216 (57 S. E. 96); *Little* v. *Fort Valley,* 123 *Ga.* 503 (51 S. E. 501); *Brown* v. *Gainesville,* 125 *Ga.* 238 (53 S. E. 1001); *Thompson* v. *Becham,* 2 *Ga. App.* 84 (2) (58 S. E. 311). They are not so verified when the answer is either silent in reference thereto or expressly denies them. *Taft Co.* v. *Smith,* 112 *Ga.* 196 (1) (37 S. E. 424); *Colbert* v. *State,* 118 *Ga.* 302 (45 S. E. 403); *New Zealand Insurance Co.* v. *Brewer,* 29 *Ga. App.* 773 (116 S. E. 922)."

3. "Unless an execution issued upon the foreclosure of a chattel mortgage be arrested by a counter-affidavit, it is final process." *Collier* v. *Blake,* 16 *Ga. App.* 382 (1) (85 S. E. 354).

4. It not appearing from any proper source what were the contents of the affidavit of illegality in this case, or even that there was such an

affidavit, and the magistrate's answer to the writ being in effect a denial of the content of the petition for certiorari, and there having been neither a traverse of the magistrate's answer nor any exception taken thereto, the judgment overruling the certiorari was the only legal termination of the case.

DECIDED JULY 14, 1925.

Complaint; from Jasper superior court—Judge Park. March 21, 1925.

*W. S. Florence, E. M. Baynes,* for plaintiff in error.

*W. H. Key,* contra.

LUKE, J. The judgment of the justice of the peace in a mortgage foreclosure being adverse to defendant, she carried her case to the superior court by certiorari. The magistrate's answer to the writ was as follows: "It is impossible for respondent to answer the allegations in said petition as the same are so indefinite and so far out of line with what really did happen, and so twisted and expressed in such a way that respondent can not answer them in an intelligent or satisfactory manner. All of the copies of proceedings herewith sent up." The defendant's affidavit of illegality, a very material portion of the record, was not sent up, either in form or substance. No traverse or exceptions to the magistrate's answer were filed.

The bill of exceptions, duly certified, states that the judgment overruling the certiorari was error, "especially in the light of the fact that it was admitted in open court that the allegations in the petition .for certiorari were true as therein stated." Counsel for plaintiff in error states in his brief that all the allegations as made in said petition were admitted as being true, in open court, and that "this was done in order to prevent traversing the answer of the justice of the peace, . . who did not remember anything that really happened, save probably in a vague and indefinite manner."

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*