36462.   McLEAN *et al. v.* G. T. DUKE CO., INC.

DECIDED FEBRUARY 18, 1957.

*C. Baxter Jones, Jr., William R. Patterson,* for plaintiffs in error.

*T. B. Higdon,* contra.

Nichols, J. ■ The garnishees' first special ground of their motion for new trial is but a restatement of their motion to dismiss and plea to the jurisdiction and will therefore not be considered separately.

The decision of this court in *Charles S. Martin Distributing Co.* v. *Southern Furnace Co.,* 88 *Ga. App.* 339 (2) (76 S. E. 2d 662), controls this assignment of error and requires an affirmance of the ruling thereon by the trial court. The effect of the ruling in that case was that the Civil Court of Fulton County has jurisdiction over garnishment cases where the judgment on which the garnishment proceedings is based is from a superior court of this State other than the Superior Court of Fulton County. The Superior Court of Cobb County issued a writ of attachment on the property of the defendant purchased by the garnishees from the defendant in violation of the Bulk Sales Act (Code § 28-203 et seq.).

■ The plaintiffs in error, in their brief, attempt to raise the question of the validity of the judgment obtained in the attachment proceedings in Cobb Superior Court. This question was not, according to the record before this court, raised in the court below, nor was any objection made when this judgment was introduced in evidence on the trial of the garnishment proceedings. "The prior judgment against the defendant in the original suit is only necessary evidence which must be adduced in order to warrant a judgment against a garnishee; . . . A garnishee may attack the judgment against his creditor and object to its use as evidence against him, either because it is void or upon any other proper ground, *before* a judgment is entered against him; but *after* the judgment has been rendered it is conclusively presumed in its favor that all proof necessary to its rendition was presented." *Central of Ga. Ry.* v. *Wright,* 5 *Ga. App.* 514 (63 S. E. 639). Accordingly, in the present case, where no objection was made to the introduction of this judgment, the contention as to the invalidity of the prior judgment presents no question for decision by this court.

■ In support of the general grounds of the motion for new trial as well as the second special ground of the amended motion for new trial, which is but an amplification of the usual general grounds, the garnishees contend that the release of the bankrupt made by the discharge in bankruptcy divested the plaintiff of any right to proceed against them on the attachment lien. They argue that the trustee in bankruptcy is the only one who can prosecute this lien.

In *Morris Plan Bank of Ga.* v. *Simmons,* 201 *Ga.* 157 (1) (39 S. E. 2d 166), the Supreme Court held: "Under section 67 (f) of the Bankruptcy Act of 1898, as amended June 22, 1938, the filing of a petition in bankruptcy, followed by an adjudication, does not automatically nullify a lien obtained through legal proceedings within four months before the filing of such petition, but such lien is merely voidable, and must be treated as valid, unless it is attacked in an appropriate manner by the trustee in bankruptcy acting for the benefit of the creditors, or by some other person having a right as against it under the Bankruptcy Act." See also, *McKenzie* v. *Bank of Georgia,* 76 *Ga. App.* 539, 541 (46

S. E. 2d 356), where a trustee in bankruptcy unsuccessfully attempted to attack the lien of a plaintiff in garnishment without filing the statutory bond of a claimant in such a case. Therefore, this contention of the garnishees is without merit inasmuch as the lien was not void but merely voidable if properly attacked by a proper party.

In addition to the contention of the garnishees set forth in the preceding division of this opinion, it is also contended, in support of the general grounds of the motion for new trial, that since they have paid the full value of the merchandise purchased from the defendant to one of the defendant's creditors they have no further liability to the plaintiff who is also a creditor of the defendant.

The purpose of the Bulk Sales Act, supra, is to permit the creditors of the seller to subject the consideration of the proposed sale to garnishment before the buyer disburses the funds of such sale. See *South Georgia Grocery Co.* v. *Wade-Chambers Grocery Co.*, 12 *Ga. App.* 213 (2) (77 S. E. 6).

There is no contention that the Bulk Sales Act, supra, was complied with, but on the contrary it is admitted that this act was not complied with, therefore, the sale was void as to the defendant's creditors. In the case of *Mitchell* v. *Waller*, 83 *Ga. App.* 7 (62 S. E. 2d 383), this court held that the fact that the purchase price was paid into a fund for distribution among the creditors of the seller who presented their bills for payment did not relieve the purchaser from the necessity of complying with the provisions of the Bulk Sales Act, supra, and the contention that the garnishee might subsequently be held liable to creditors of the defendant for many times the value of the merchandise purchased by them is without merit inasmuch as the amount paid into court in the first garnishment proceedings would relieve them of liability for that much of the value of the merchandise in the event other garnishment proceedings should be instituted against them by other creditors of the defendant. See *Shorter* v. *Moore, Trimble & Co.*, 41 *Ga.* 691, 694. Accordingly, the trial court did not err in denying the garnishee's motion for new trial for any reason assigned.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*