## 41336. WALLACE v. THE STATE.

NICHOLS, Presiding Judge. 1. The Recorder's Court of the City of Macon has no jurisdiction to arraign, try and sentence for the offense of driving a motor vehicle while under the influence of intoxicants (*City of Atlanta v. Landers*, 212 Ga. 111, 90 SE2d 583), there being a city court for the trial of such offenses in Bibb County where the City of Macon is located. See *Clarke v. Johnson*, 199 Ga. 163 (33 SE2d 425), construing the amendment of 1937, Art. VI, Sec. VI, Par. II of the Constitution of the State of Georgia of 1877, now Art. VI, Sec. VI, Par. II of the Constitution of the State of Georgia of 1945 (*Code Ann.* § 2-4102). Whether or not the Recorder's Court of the City of Macon would have jurisdiction to arraign, try and sentence for the offense of driving a motor vehicle while under the influence of intoxicants in violation of a city ordinance, under the provisions of § 1 of the Act approved March 16, 1955, amending the Uniform Act Regulating Traffic on Highways (Ga. L. 1955, pp. 736, 737; *Code Ann.* § 68-1680) is not presented for decision in the present case, it not appearing that the charge upon which the defendant was convicted was the violation of a city ordinance, or that there was such an ordinance.

2. The Director of the Department of Public Safety has jurisdiction of the subject matter of revocation of driver's licenses upon receiving the certification of the driver's conviction of the offense of "driving a motor vehicle while under the influence

of intoxicants" (Ga. L. 1939, pp. 135, 141, as amended by Ga. L. 1943, pp. 196, 201; (*Code Ann.* § 92A-434)), but no such jurisdiction is conferred where the "certification of conviction" is from a court which is without jurisdiction to try cases involving the offense of "driving a motor vehicle while under the influence of intoxicants." To give the Director jurisdiction of the subject matter the court certifying the conviction must have jurisdiction of the subject matter.

3. Where a person is convicted and sentenced for the offense of operating a motor vehicle while under the influence of intoxicants in a court which is without jurisdiction of such offense, the conviction and sentence is void and a mere nullity (*Code* §§ 110-701, 110-709); and the revocation of a driver's license based upon such conviction, being at most merely additional punishment based upon the prior conviction, is also void and a mere nullity and such a revocation will not authorize a conviction for operating a motor vehicle with a revoked license.

4. Upon application of the above rulings to the facts of the present case, the trial judge, to whom the case was submitted upon stipulated facts without the intervention of a jury, erred in finding the defendant guilty of violation of the Act of 1937 (Ga. L. 1937, pp. 322, 352; *Code Ann.* § 92A-9913).

*Judgment reversed. Felton, C. J., Bell, P. J., Frankum, Jordan and Deen, JJ., concur. Hall, Eberhardt and Pannell, JJ., dissent.*

ARGUED JUNE 8, 1965—DECIDED SEPTEMBER 30, 1965— REHEARING DENIED OCTOBER 21, 1965.

*Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr., Bob Slocumb,* for plaintiff in error.

*Clarence H. Clay, Jr., Solicitor, Tommy C. Mann,* contra.

PANNELL, Judge, dissenting. I concur fully in Division 1 of the opinion, that is, that the conviction of the defendant (by plea of guilty) in the Recorder's Court of the City of Macon was void. I think that proposition is conceded by all concerned, but the question here is whether the revocation of the defendant's license by the Department of Public Safety, based upon such void conviction, is itself void and of no effect and subject to

collateral attack in a case in which the same defendant is being tried for the offense of driving with a revoked license. The majority apparently assume that the action of the Director of the Department of Public Safety in revoking the license was an administrative act, and that the rule against collateral attack on a judgment does not apply. In my opinion, the act of the Director of Public Safety in revoking the driver's license of the defendant was a judicial act, and, being such, is not subject to collateral attack. In *Carr v. City Council of Augusta,* 124 Ga. 116 (52 SE 300), the Supreme Court of this State, in headnotes 4, 5 and 6, said: "4. When a charter of a municipal corporation contains the usual general welfare clause, and confers the power to control and regulate the sale of liquor, the authorities of the city may pass an ordinance providing that the conviction of a holder of a license to sell liquor, in a court of competent jurisdiction, of any violation of the law regulating the sale of liquor, shall work a revocation of the license. 5. When the ordinance of the character indicated in the preceding note provides that the clerk of council shall submit to council 'each and every conviction,' the ordinance contemplates that evidence of the conviction shall be submitted by the clerk before action is taken revoking the license. 6. In determining whether the evidence submitted is sufficient to authorize a revocation of the license under the ordinance, the municipal council acts in a judicial capacity and its judgment is subject to review on certiorari." This is seemingly on all fours with the present case where the Director of Public Safety has the discretionary right to revoke driver's licenses upon the conviction of certain offenses certified to him by the clerk of the court in which the conviction is had. The majority opinion is, in effect, also ruling that the judicial act of revocation of a driver's license, based upon a void conviction, is itself void, thus establishing an erroneous precedent that a judgment based upon a void judgment is itself void, even though in the second proceeding the party affected does not contest the validity of the first judgment, as he has a right to do, but fails to do so, and instead seeks to attack the second "judgment" collaterally in a third proceeding. This is not the law of this State. In this State the second judgment is con-

clusive until set aside in the manner provided by law. In *Central of Ga. R. Co. v. Wright,* 5 Ga. App. 514 (63 SE 639), this court held that a judgment against a garnishee predicated upon a prior judgment against the defendant, even though such prior judgment be void, cannot be attacked for that reason by affidavit of illegality, the headnote in that case being as follows: "While a judgment against the defendant in the main suit is an indispensable prerequisite to the rendition of a judgment against the garnishee, a garnishee against whom judgment has been rendered can not, by affidavit of illegality interposed to the levy of an execution issued upon the judgment in garnishment, question the validity of the antecedent judgment rendered against the defendant. The prior judgment against the defendant in the original suit is only necessary evidence which must be adduced in order to warrant a judgment against a garnishee; and in no case can an affidavit of illegality be used to test the sufficiency of the evidence upon which the judgment was rendered. A garnishee may attack the judgment against his creditor and object to its use as evidence against him, either because it is void or upon any other proper ground, before a judgment is entered against him; but *after* the judgment has been rendered it is conclusively presumed in its favor that all proof necessary to its rendition was presented." And, in the opinion, "After judgment was rendered against the garnishee, to which no exception was taken, he was estopped from setting up that the judgment against Hyatt was void, either because Wright was not the proper plaintiff or because the court was without jurisdiction to render it." And, "the garnishee cannot by illegality go behind the judgment or set it aside because the antecedent judgment against Hyatt was void." The defendant in the present case, when served with the notice of revocation of his driver's license, had the right to have a hearing and the right to appeal from any adverse ruling at the hearing, and, failing to do so, has had his day in court and is bound by the judgment rendered even though the revocation itself was made ex parte. The same situation exists in this State in mortgage foreclosures on personal property, *Powell v. Fowler & Son,* 34 Ga. App. 186 (129 SE 13) ; *Hardy v. Luke,* 18 Ga. App. 423, 424 (2)

(89 SE 540); *Bank of Forsyth v. Gammage*, 109 Ga. 220 (34 SE 307).

The majority opinion, in Division 2, holds that a valid conviction is jurisdictional as to the revocation of the driver's license. In my opinion, the certification of the conviction is mere evidence upon which the judicial determination of revocation is made. See *Central of Ga. R. Co. v. Wright*, 5 Ga. App. 514, supra; *Carr v. City Council of Augusta*, 124 Ga. 116, supra, cited and quoted from above and holding that the certification of the conviction is evidence upon which a judicial determination is made. As in fraudulent debtors' attachment cases (see *Code* §§ 8-401, 8-403) which issue ex parte based upon evidence under oath, the act granting the attachment is judicial and "with a proper order behind it [in this case the order of revocation], the testimony on which the judge acted in granting it is not examinable collaterally, . . ." *Loeb v. Smith Bros. & Co.*, 78 Ga. 504 (3 SE 458).

Another ground upon which the majority apparently base their holding is that the revocation of the license by the Director of the Department of Public Safety is additional punishment based upon the prior conviction and, in effect, but a continuation of the same case, such as attacks on void alimony judgments in answer to a contempt citation, and affidavits of illegality to executions issued upon void judgments. This position is untenable because the statute itself provides for the punishment by authorizing the judge to revoke a license as part of the punishment. Subdivision (d), § 47, Art. V of the Act approved January 11, 1954 (Ga. L. 1953, Nov. Sess., pp. 556, 577), as amended by the Act approved March 9, 1956 (Ga. L. 1956, pp. 674, 675); *Code Ann.* § 68-9927.

While, where a person is arraigned and convicted (upon plea of guilty) and sentenced for the offense of operating a motor vehicle while under the influence of intoxicants in a court which is without jurisdiction of such offense, the conviction and the sentence is void and a mere nullity (*Code* § 110-709), yet, so long as the revocation of a driver's license based on such conviction stands unreversed by a hearing or appeal as above provided, or other proper proceedings for that

purpose, the holder of such revoked license may be legally convicted of the violation of Art. IV, Sec. 15, Par. 5 of the Act of 1937 (Ga. L. 1937, pp. 322, 352; *Code Ann.* § 92A-9913), that is, driving with a revoked license. I think this conclusion is inescapable whether or not the revocation of such person's driver's license based upon evidence of such conviction is void because of the void conviction, or is merely erroneous as being based upon evidence not authorizing the revocation (see in this connection, Liuzza v. Bell, 40 Cal.App.2d 417 (2) (104 P2d 1095), and Walton v. Albers, 380 Ill. 423 (44 NE2d 145), reversing Walton v. Albers, 313 Ill. 304 (40 NE2d 99), which held a judgment based on a void judgment to be void), and whether or not the hearing requested upon the discretionary revocation of a driver's license under Sec. 2, Art. IV of the Act of 1937 (Ga. L. 1937, pp. 322, 342) as amended by Sec. 10 of the Act of 1939 (Ga. L. 1939, pp. 135, 141) could be a subsequent proper proceeding to enforce the conviction had in the recorder's court and in which the conviction could be attacked (see *Langston v. Nash,* 192 Ga. 427 (15 SE2d 481), involving an attack on void alimony judgment, and *Jowers & Son v. Kirkpatrick Hardware Co.,* 21 Ga. App. 751 (94 SE 1044), upon an execution issued on a void judgment), for, even if a hearing had been had upon the request of the defendant and an appeal entered therefrom upon an adverse ruling, this would not have prevented the conviction for driving with a revoked license, as the Act itself expressly provides that "the appellant shall not be allowed to operate a motor vehicle until such appeal is disposed of, . ." and to hold that the defendant here could avoid the consequences of driving with a revoked license by not pursuing his legal remedies of asking for a hearing on the revocation of his license would place one who was not diligent in pursuing the legal remedies provided for his protection in a better position than one who was diligent. I think it is apparent, therefore, that the intent of the statute is that where a license is revoked, whether the revocation be based upon a void judgment or one merely erroneous, the licensee is prohibited from driving an automobile until the invalidity of such revocation is adjudicated in favor of the licensee and that if he does so prior to such time he is guilty of violating the statute.

It is my opinion that, upon application of the above rulings to the facts of the present case, the trial judge, to whom the case was submitted upon stipulated facts without the intervention of a jury, did not err in finding the defendant guilty of violation of the Act of 1937, supra.

I am authorized to state that Judges Hall and Eberhardt join me in this dissent.