## 53558. COFER v. COOK.

ARGUED MARCH 2, 1977 — DECIDED MARCH 18, 1977.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Attorney General, Richard L. Chambers, Deputy Attorney General, John C. Walden, Senior Assistant Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellant.

*Jones, Wilson & Tomlinson, John E. Tomlinson,* for appellee.

DEEN, Presiding Judge.

1. The uniform citation form shows the appellee was charged and convicted of driving under the influence

"City Code Sec. 15-78" on January 9, 1976. The problem is that on this date there was no "City Code Sec. 15-78"; this ordinance had been repealed by the City of College Park on October 6, 1975, by Ordinance 75-27, adopting Title 68A of the Code as the valid traffic ordinances for the municipality. Even prior to its repeal, "City Code Sec. 15-78" could not have been enforced by the City of College Park. Code Ann. § 68A-1501.

The trial judge's finding that the appellee's conviction "is void on its face and of no force and effect" is correct. That conviction shows on its face a conviction under a repealed and otherwise unenforceable ordinance.

2. The appellant urges that having paid his fine after pleading guilty to the charge of driving under the influence, the appellee may not collaterally attack his conviction in DeKalb Superior Court and that the suspension of the license is therefore automatic. The conviction which is the predicate to the suspension is void on its face and a mere nullity and may be attacked. Code Ann. § 81A-160 (a); "and the revocation of a driver's license based upon such conviction, being at most merely additional punishment based upon the prior conviction, is also void and a mere nullity. . ." *Wallace v. State,* 112 Ga. App. 505, 506 (145 SE2d 788). The trial judge's order reversing the suspension of the appellee's license was proper.

*Judgment affirmed. Marshall, J., concurs. Webb, J., concurs in the judgment only.*