65489. COTTONGIM v. CITY OF EAST POINT.

McMURRAY, Presiding Judge.

Defendant was charged by accusation (uniform traffic citation) with failure to keep vehicle under control as a state offense. Upon the trial of the case in the City Court of East Point the trial court, after hearing evidence, determined that the defendant was guilty of the offense of driving "too fast for conditions."

Defendant applied to the superior court for certiorari complaining that the verdict and sentence of the city court was illegal because of the insufficiency of the evidence and on the basis of the trial judge's changing the charge against defendant and rendering a

verdict of guilty other than that specified in the citation.

The City of East Point (the judge of the city court) answered the petition for certiorari and relied primarily on the argument that driving "too fast for conditions" is a lesser included offense of failure to keep vehicle under control.

The City of East Point moved for judgment on the pleadings which motion was granted, although defendant (petitioner) contends that he was not properly served with this motion pursuant to the provisions of Code Ann. § 81A-106 (d) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230) (now OCGA § 9-11-6).

A discretionary appeal was granted, and defendant appeals. *Held:*

Regardless of whether defendant was properly served with the motion for judgment on the pleadings in the certiorari action the grant of such motion was incorrect. The offense with which defendant was charged in the accusation is non-existent insofar as we have been able to determine, hence driving too fast for conditions could not possibly be a lesser included offense thereof, particularly so since all traffic violations are misdemeanors.

We note that former Code Ann. § 68-1626 (Ga. L. 1953, Nov. Sess., pp. 556, 577; 1959 p. 303; 1961, pp. 438, 439; 1963, p. 26; 1964, pp. 294, 295; 1965, p. 322; 1968, p. 987; 1968, p. 1158; 1968, pp. 1427, 1428, 1429; 1972, p. 951; 1974, p. 11) (*repealed* by Ga. L. 1975, pp. 1582, 1587)) in subsection (a) provided: "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. *In every event speed shall be so controlled* as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care." (Emphasis supplied.)

OCGA § 40-6-180 (formerly Code Ann. § 68A-801 (Ga. L. 1975, p. 1582)) provides: "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. Consistently with the foregoing, every person shall drive at a reasonable and prudent speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching and traversing a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."

In the event the accusation in the case sub judice charging defendant with "failure to keep vehicle under control," as a state

offense, was based upon the language "[i]n every event speed shall be so controlled" as contained in former Code Ann. § 68-1626 (a), supra, this language has been absent from "The Uniform Rules of the Road" since the year 1975 insofar as we have been able to determine and we have not been cited to any state statute in effect at the time of the alleged offense providing for the offense of "failure to keep vehicle under control."

Viewed in the light of the decision in *DePalma v. State,* 225 Ga. 465, 469-470 (3) (169 SE2d 801), the accusation charging the defendant with "failure to keep vehicle under control" would not put him on notice to appear prepared to defend himself as to the offense of driving "too fast for conditions." The two are not necessarily interrelated in any way.

As the charge made against the defendant was a non-existent one as to a traffic (misdemeanor) offense under state law, the judge of the city court could in no wise substitute another charge upon the trial of the action. See *Cofer v. Cook,* 141 Ga. App. 646, 647 (1,2) (234 SE2d 185); *Wallace v. State,* 112 Ga. App. 505, 506 (3) (145 SE2d 788). The order denying the certiorari and in granting the motion for judgment on the pleadings and in affirming the lower court was erroneous, the same being contrary to law. The enumerations of error as to these issues are meritorious requiring a reversal. All other enumerations require no further consideration.

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 17, 1983.

*James A. White,* for appellant.
*E. Wayne Wallhausen,* for appellee.